Judge Robart

UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>VOLODYMYR KVASHUK,<br><br>Defendant. | NO. CR19-143JLR<br><br>~~[PROPOSED]~~<br>PROTECTIVE ORDER |



This matter, having come to the Court's attention on the unopposed motion of the United States for entry of a discovery protective order, and the Court, having considered the motion, and being fully advised in this matter, hereby enters the following PROTECTIVE ORDER:

1. Protected Material.

Any material designated by the Government as Protected Material shall be subject to the terms of this Order.

The United States will make available copies of the Protected Material, including those filed under seal, to defense counsel to comply with the government's discovery obligations. Possession of copies of the Protected Material is limited to the attorneys of

PROTECTIVE ORDER - 1
US v. Kvashuk, CR19-143JLR

UNITED STATES ATTORNEY
700 STEWART STREET, SUITE 5220
SEATTLE, WASHINGTON 98101
(206) 553-7970

record, and investigators, paralegals, law clerks, experts and assistants for the attorneys of record (hereinafter collectively referred to as "members of the defense team"):

The attorneys of record and members of the defense team may share and review the Protected Material with the Defendant. The attorneys of record and members of the defense team acknowledge that providing copies (in any form) of the Protected Material to the Defendant and other persons is prohibited, and agree not to duplicate or provide copies of the Protected Material to the Defendant and other persons. The exception to this prohibition is the dissemination of electronic copies to officials of the Federal Detention Center at SeaTac, Washington, for use in a controlled environment by Defendant, who is currently in custody there. Any violation of these prohibitions constitutes a violation of the Protective Order. Further, the attorneys of record are required, prior to disseminating any copies of the Protected Materials to members of the defense team, to provide a copy of this Protective Order to members of the defense team, and obtain written consent by members of the defense team of their acknowledgment to be bound by the terms and conditions of this Protective Order. The written consent need not be disclosed or produced to the United States unless requested by the Assistant United States Attorney and ordered by the Court. Nothing in this order should be construed as imposing any discovery obligations on the government that are different from those imposed by case law and Rule 16 of the Federal Rules of Criminal Procedure.

2. Filing

Absent prior written authorization of the government, any Protected Material that is filed by the defense with the Court in connection with pre-trial motions, trial, or other matter before this Court, must be filed under seal and shall remain sealed until otherwise ordered by this Court. The parties are required to comply in all respects to the relevant local and federal rules of criminal procedure pertaining to the sealing of court documents.

PROTECTIVE ORDER - 2
US v. Kvashuk, CR19-143JLR

UNITED STATES ATTORNEY
700 STEWART STREET, SUITE 5220
SEATTLE, WASHINGTON 98101
(206) 553-7970

3. <u>Nontermination</u>

The provisions of this Order shall not terminate at the conclusion of this prosecution.

4. <u>Violation of Any Terms of this Order</u>

Any violation of any term or condition of this Order by the Defendant, his attorneys of record, any member of the defense teams, or any attorney for the United States Attorney's Office for the Western District of Washington, may be held in contempt of court, and/or may be subject to monetary or other sanctions as deemed appropriate by this Court.

If the Defendant violates any term or condition of this Order, the United States reserves its right to seek a sentencing enhancement for obstruction of justice, or to file any criminal charges relating to the defendant's violation.

5. <u>Right to Review</u>

The parties agree that in the event that compliance with this Order makes it difficult for defense counsel to adhere to their Sixth Amendment obligations, or otherwise imposes an unworkable burden on counsel, defense counsel shall bring any concerns about the terms of the Order to the attention of the government. The parties shall then meet and confer with the intention of finding a mutually acceptable solution. In the event that the parties cannot reach such a solution, defense counsel shall have the right to bring any concerns about the scope or terms of the Order to the attention of the Court.

//
//
//
//
//
//

PROTECTIVE ORDER - 3
US v. Kvashuk, CR19-143JLR

UNITED STATES ATTORNEY
700 STEWART STREET, SUITE 5220
SEATTLE, WASHINGTON 98101
(206) 553-7970

The terms of this Order apply to current defense counsel, as well as to any successor defense counsel and team members.

DATED this 20th day of August, 2019.

_____
HON. JAMES L. ROBART

Presented by:

/s/ Michael Dion
MICHAEL DION

UNITED STATES ATTORNEY
700 STEWART STREET, SUITE 5220
SEATTLE, WASHINGTON 98101
(206) 553-7970