UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| UNITED STATES OF AMERICA, | CASE NO. CR19-0143JLR |
| Plaintiff, | ORDER DENYING MOTION TO CONTINUE TRIAL |
| v. | |
| VOLODYMYR KVASHUK, | |
| Defendant. | |

## I. INTRODUCTION

This matter is set for trial on Tuesday, February 18, 2020. (*See* 12/19/19 Order (Dkt. # 76) at 2.) The court held a pretrial conference on Friday, January 31, 2020. (*See* 1/31/20 Dkt. Entry (Dkt. # 80).) The day before the pretrial conference, Defendant Volodymyr Kvashuk filed his third motion to continue trial. (3d MTC (Dkt. # 78).) Plaintiff United States of America ("the Government") filed a response. (Resp. (Dkt. # 79).) At the pretrial conference, the court heard argument from the parties on the motion. (*See* 1/31/20 Dkt. Entry.) The court has considered the parties' submissions, the

argument of the parties, the relevant portions of the record, and the applicable law. Being fully advised, the court DENIES Mr. Kvashuk's motion to continue.[1]

## II. BACKGROUND

The Government filed an indictment against Mr. Kvashuk on July 24, 2019. (Indictment (Dkt. # 14).) The Government initially charged Mr. Kvashuk with one count of mail fraud. (*See id.* at 1.) The court set trial for October 21, 2019. (8/1/19 Dkt. Entry (Dkt. # 23).) On September 18, 2019, Mr. Kvashuk moved to continue the trial for "not less than seventy-six days." (1st MTC (Dkt. # 43) at 1.) The court granted that motion and reset the trial date for January 6, 2020, which is the date that Mr. Kvashuk requested. (*See* 9/20/19 Order (Dkt. # 45); Prop. Order (Dkt. # 43-2) at 2.) Although the court granted Mr. Kvashuk's request, the court order specifically stated that "[t]he parties are cautioned that further continuances are unlikely to be granted." (9/20/19 Order at 2.)

The Government filed two superseding indictments in this case—one on November 13, 2019, and another on December 5, 2019. (*See* 1st Sup. Indictment (Dkt. # 49); 2d Sup. Indictment (Dkt. # 61).) The first superseding indictment charged Mr. Kvashuk with 13 additional crimes: four counts of wire fraud, two counts of making and subscribing to a false tax return, five counts of money laundering, and one count of aggravated identity theft. (*See* 1st Sup. Indictment at 5-9.) The second superseding indictment added one count of access device fraud, one count of access to a protected

---

[1] In order to provide the parties with the maximum amount of time to prepare for trial, the court orally denied the motion at the pretrial conference after the parties' arguments and informed the parties that this order memorializing the court's order would follow. (*See* 1/31/20 Dkt. Entry.)

computer in furtherance of fraud, one additional count of money laundering, and one additional count of aggravated identity theft. (*See* 2d Sup. Indictment at 1-12.) On December 16, 2019—three weeks before Mr. Kvashuk's amended trial date—Mr. Kvashuk moved for a second trial continuance. (*See* 2d MTC (Dkt. # 74).) Mr. Kvashuk asked the court for a continuance of "not less than [sixty] days." (*Id.* at 1.) Mr. Kvashuk argued that he needed a second continuance because the Government had produced a significant amount of new discovery on December 6, 2019, and Mr. Kvashuk needed time to review the discovery and prepare a trial strategy for the new charges in the second superseding indictment. (*Id.* at 3-4.) After hearing argument from the parties, the court granted the motion in part and continued the trial to February 18, 2020. (*See* 12/16/19 Dkt. Entry (Dkt. # 75); 12/19/19 Order.)

On January 30, 2020, Mr. Kvashuk filed his third motion for a continuance that is currently before the court. (*See* 3d MTC.) Mr. Kvashuk asks for a 120-day continuance on the grounds that he needs more time to review the discovery provided by the Government.[2] (*See id.* at 3-4.) On the record at oral argument, Mr. Kvashuk's counsel, Joshua Lowther, confirmed that Mr. Kvashuk's legal team has reviewed the Government's discovery and would be prepared for the February 18, 2020, trial date. According to Mr. Lowther, the problem is that Mr. Kvashuk has not personally been able to review all of the discovery that the Government produced on December 6, 2019. Mr.

---

[2] Although Mr. Kvashuk's motion makes vague references to the fact that the discovery in this case is "subject to a protective order" (*see* 3d MTC at 3), the parties confirmed at oral argument that the chat log that Mr. Kvashuk needs more time to review is not subject to a protective order. Thus, the existence of the protective order is not relevant to this motion.

Lowther's primary concern was that Mr. Kvashuk had been unable to review records associated with an internet chat log that contained messages purportedly sent to and from Mr. Kvashuk. Mr. Lowther argued Mr. Kvashuk fell behind on his review because the Federal Bureau of Prisons ("FBOP") allegedly allows Mr. Kvashuk to access a computer and review discovery for only two hours per week. (*See id.* at 3.) The Government filed a response to the third motion for a continuance, but expressly took "no position" on the motion. (*See* Resp. at 1-3.)

### III. ANALYSIS

In determining whether a defendant's request to continue trial is warranted, courts consider four factors: (1) counsel's diligence in preparing his defense prior to the trial date; (2) the usefulness of the continuance and whether the continuance will satisfy the defendant's needs; (3) the inconvenience a continuance would cause the court and the government; and (4) the extent to which the defendant would suffer harm if the continuance was denied. *United States v. Zamora-Hernandez*, 222 F.3d 1046, 1049 (9th Cir. 2000) (citing *United States v. Flynt*, 756 F.2d 1352, 1359 (9th Cir. 1985)). "[T]he weight given to any one [of the *Flynt* factors] may vary from case to case." *United States v. Kloehn*, 620 F.3d 1122, 1127 (9th Cir. 2010) (quoting *Armant v. Marquez*, 772 F.2d 552, 556 (9th Cir. 1985)) (alterations in *Kloehn*). "At a minimum, however, in order to succeed, [the defendant] must show some prejudice resulting from the court's denial." *Id.* (quoting *Armant*, 772 F.2d at 557). The court addresses each of these factors in turn.

//

//

### A. Counsel's Diligence

The first factor—which pertains to counsel's diligence, not Mr. Kvashuk's, *see Zamora-Hernandez*, 222 F.3d at 1049—weighs in favor of denying Mr. Kvashuk's motion to continue. At oral argument, Mr. Lowther assured the court that he had been diligently preparing Mr. Kvashuk's case for trial and that he would be prepared for trial. Mr. Lowther noted that he has a team of eight lawyers (including one Seattle lawyer) working on Mr. Kvashuk's case, claimed that he has personally visited Mr. Kvashuk between eight to ten times since the court's last continuance, and represented that he has personally reviewed all of the Government's discovery. The court takes Mr. Lowther at his word and presumes that he has adequately prepared himself and his law firm for trial.

Mr. Lowther's preparedness is not the issue that gives rise to this motion, however. Instead, the problem is Mr. Kvashuk's preparedness for trial. (*See* 3d MTC at 3-4.) Mr. Kvashuk's third motion for a continuance was the first that the court had heard that FBOP limits Mr. Kvashuk to two hours of computer review per week. (*See id.*) At oral argument, Mr. Lowther confirmed that he, too, had only recently learned that his client was struggling to get through all of the discovery as a result of FBOP's limitations. The third motion for continuance was filed on January 30, 2020—two weeks before trial, six weeks after the court had granted a second trial continuance, and nearly two months after the Government produced the discovery at issue. (*See id.* at 1; 2d MTC at 3-4; 12/19/19 Order.) Mr. Lowther represented to the court that the chat log produced in the December 6, 2019, discovery was perhaps the most important evidence for his client to review, yet it took Mr. Lowther nearly two months and between eight and ten visits with

Mr. Kvashuk for Mr. Lowther to learn that Mr. Kvashuk has been unable to fully review that evidence.[3]

Further, although Mr. Lowther claims that the source of the problem is the two hours of computer access time that FBOP allegedly grants his client each week (*see* 3d MTC at 3-4), he acknowledged at oral argument that he was not aware of the full parameters of FBOP's policies on computer access and did not make any effort to obtain additional access for his client. At the hearing, the court informed Mr. Lowther that FBOP grants essentially unfettered access to computers during legal visiting hours to pretrial detainees who are meeting with their counsel. *See* U.S. Dep't. of Justice, SET 5267.09A, *Visiting Regulations*, at 4.F.3 (2019) ("*Visiting Regulations*"), https://www.bop.gov/locations/institutions/set/SET_visit_hours.pdf (noting that legal representatives may take laptops into the Federal Detention Center). There are over 72 legal visiting hours per week at the Federal Detention Center in Seatac, Washington, where Mr. Kvashuk is detained. *See id.* at 4.F.1. Thus, had Mr. Lowther timely discovered that Mr. Kvashuk has had limited access to a computer and then researched FBOP's policy on computer access, he could have exponentially increased his client's weekly access time to the discovery merely by sending any one of Mr. Kvashuk's eight lawyers to meet with Mr. Kvashuk during legal visiting hours.

---

[3] The court notes, however, that Mr. Lowther claimed to have spent the week prior to the pretrial conference with Mr. Kvashuk. Given that Mr. Lowther stated that he had visited Mr. Kvashuk between eight to ten times since the court's last continuance, it appears that Mr. Lowther did not spend significant time with Mr. Kvashuk in December 2019 or early January 2020, which may explain Mr. Lowther's delayed realization.

In sum, any wounds that Mr. Kvashuk claims he would suffer from the denial of the continuance are due to his counsel's lack of diligence and can be remedied. The court has twice given Mr. Kvashuk nearly the full deadline extensions that he requested. (9/20/19 Order (granting exact extension requested by Mr. Kvashuk); 12/19/19 Order (granting Mr. Kvashuk a 43-day extension in response to his request for a 60-day extension).) By the February 18, 2020, trial date, Mr. Kvashuk will have had the Government's December 6, 2019, discovery for more than 10 weeks. Had Mr. Lowther learned of this issue promptly and researched FBOP's policy or made any effort to contact the court to obtain a workaround, the need for an extension could have been avoided. *See United States v. Cecrle*, No. 2:12-CR-400-JAD-GWF, 2014 WL 31674, at *6 (D. Nev. Jan. 3, 2014) (collecting cases suggesting that it is appropriate for court to order a detention center to provide pretrial detainee with increased access to computer in order to assist with preparation of defense). Moreover, as discussed in more detail below, any injuries caused by Mr. Lowther's delay can be remedied without a continuance given the amount of time remaining before trial and the amount of weekly legal visiting hours that the Federal Detention Center affords Mr. Kvashuk. *See infra* § III.D. Thus, the court concludes that Mr. Lowther's lack of diligence gave rise to this motion and can be remedied without a continuance, which means that the first factor weighs in favor of denying the continuance.

**B.     Usefulness of the Continuance**

The court concludes that the second factor—"the likelihood that the continuance would serve a useful purpose," *United States v. Mejia*, 69 F.3d 309, 315 (9th Cir.

1995)—is neutral or weighs in Mr. Kvashuk's favor. Mr. Kvashuk seeks more time to personally review discovery before trial. (*See* 3d MTC at 3-4.) It is a truism that granting Mr. Kvashuk a continuance will achieve "the purpose of the continuance," *see Kloehn*, 620 F.3d at 1127, when the purpose of the request for a continuance is that Mr. Kvashuk needs more time to review discovery. Additionally, although the court concludes below that Mr. Kvashuk does not have a constitutional right to personally review all discovery produced in this case, *see infra* § III.D, the court finds that allowing Mr. Kvashuk to review the chat log would serve a "useful purpose." *See Mejia*, 69 F.3d 315. The court notes, however, that granting a continuance is not the only way to accomplish this purpose given the amount of time remaining before trial. *See infra* § III.D. Thus, this factor either weighs slightly in Mr. Kvashuk's favor or is neutral.

**C.     Inconvenience to the Court and the Government**

The third factor weighs in favor of denying Mr. Kvashuk's motion. Although the Government took no position on the motion (*see* Resp. at 1-3), moving Mr. Kvashuk's trial for a third time would cause a significant inconvenience for the court. Mr. Kvashuk's trial is scheduled for two weeks of trial time. It would pose a significant inconvenience to the court to move a two-week trial to a later date because the court's trial calendar is chock-full. For example, Mr. Kvashuk's request for a 120-day continuance would place his trial date in June 2020. The court currently has five trials scheduled for an estimated 22 trial days in June 2020, and that does not account for new criminal cases that will need to be scheduled for June 2020 trial dates in order to comply

//

with Speedy Trial Act deadlines.[4]  Although the court was able to accommodate Mr. Kvashuk on two prior occasions, the court's schedule cannot tolerate any more leniency in the absence of utmost necessity.  Thus, the court concludes that the third factor weighs in favor of denying Mr. Kvashuk's motion for a continuance.

**D.     Prejudice to Mr. Kvashuk**

The court concludes that Mr. Kvashuk will not suffer prejudice if his motion for a third continuance is denied.  It is well-established that Mr. Kvashuk has a constitutional "right of access to the courts." *See Lewis v. Casey*, 518 U.S. 343, 350 (1996) (citing *Bounds v. Smith*, 430 U.S. 817, 828 (1977)).  However, the Supreme Court and Ninth Circuit have concluded that a pretrial detainee's right to access the courts is satisfied by adequate assistance of counsel.  *See Bounds*, 430 U.S. at 828 (holding that the fundamental constitutional right of access to the courts requires prison authorities to provide prisoners with adequate law libraries or with adequate assistance from persons trained in the law); *Lindquist v. Idaho State Bd. of Corrections*, 776 F.2d 851, 855 (9th Cir. 1985) (prison must provide an adequate law library or, in the alternative, adequate assistance from persons trained in the law); *United States v. Wilson*, 690 F.2d 1267, 1272 (9th Cir. 1982) (the offer of court-appointed counsel satisfies the Fifth Amendment obligation to provide meaningful access to the courts).  Here, Mr. Kvashuk is represented by competent, experienced counsel in Mr. Lowther, who repeatedly assured the court that he had reviewed all of the discovery in this case and would be prepared for trial.  In light

---

[4] *See* 18 U.S.C. § 3161, *et seq.*

of Mr. Lowther's assurances, the court concludes that Mr. Kvashuk is adequately represented and his constitutional right to access the courts is not implicated by Mr. Kvashuk's inability to personally review all the discovery.

A number of courts presented with similar arguments have concluded that a pretrial detainee's right to access the courts does not guarantee the relief Mr. Kvashuk seeks—increased access to a computer in preparation of his case and the opportunity to personally review all discovery produced by the Government. *See, e.g.*, *United States v. Cecrle*, No. 2:12-CR-400-JAD-GWF, 2014 WL 31674, at *6 (D. Nev. Jan. 3, 2014) ("The fundamental constitutional right of access to the courts . . . does not include a constitutional right to a personal computer. Nor does it require that access to materials be provided in any particular way." (citations omitted)); *United States v. Thompson*, No. 2:10-CR-200-DBH, 2013 WL 1809659, at *7 (D. Me. Apr. 29, 2013), *aff'd*, 851 F.3d 129 (1st Cir. 2017) ("I am aware of no case holding that the Constitution requires that a defendant represented by a lawyer must personally see all the discovery that the government discloses to defense counsel or even the discovery that he asked to see."); *United States v. Faulkner*, No. 3:09-CR-249-D(02), 2011 WL 3962513, at *4 (N.D. Tex. Sept. 8, 2011) ("[The defendant's] personal review of the disclosed digital data prior to trial is *not* constitutionally required or otherwise legally mandated where, as here, Faulkner is represented by counsel who has had the ability to review the discovery before trial."). Indeed, the court asked Mr. Lowther whether he was aware of any Ninth Circuit caselaw holding that Mr. Kvashuk's motion implicates his constitutional rights, and Mr. Lowther acknowledged that he was not aware of any relevant authority.

Thus, the court concludes that Mr. Kvashuk's motion does not implicate his constitutional rights. However, even in the absence of constitutional concerns, the court must assess "the extent to which [Mr. Kvashuk's] right to present his defense" would be affected by the denial of his motion. *Mejia*, 69 F.3d at 318 n.11. Here, the court concludes that denial of the motion to continue would not impact Mr. Kvashuk's right to present his defense for two main reasons. First, as noted above, Mr. Lowther assured the court that Mr. Kvashuk's substantial legal team would be adequately prepared for trial. Mr. Lowther—not Mr. Kvashuk—is responsible for trying Mr. Kvashuk's case. To the extent that Mr. Kvashuk needs to be "informed of the details of the Government's evidence in this case if he elects to testify at . . . trial" (*see* 3d MTC at 4), it is Mr. Lowther's obligation to ensure that he is so informed. *Thompson*, 2013 WL 1809659, at *6 ("[The defendant] was not representing himself, such that he needed to assess on his own what evidence was admissible and how persuasive it was. Courts appoint lawyers for defendants in criminal cases so that the lawyers can do the legwork in preparing for trial and give sound advice about whether a defendant should go to trial or plead guilty."). Given that Mr. Lowther has indicated that he will be prepared for trial, the court has full confidence that Mr. Lowther will be able to adequately advise Mr. Kvashuk and prepare Mr. Kvashuk's defense. *See United States v. Mukhtar*, No. 212CR00004MMDGWF, 2013 WL 12204792, at *7 (D. Nev. Feb. 13, 2013) ("Defendant is . . . represented by competent counsel and has access to support staff and assistance to prepare his defense in this case. Defendant has not demonstrated that his

//

pretrial detention so substantially impairs his ability to communicate with his counsel and examine discovery, that he and his lawyers cannot adequately prepare his defense.")

Second, even though Mr. Kvashuk has no right to review all of the discovery in this case, he still has sufficient time to do so. At the time that the court orally denied Mr. Kvashuk's motion, Mr. Kvashuk still had over two weeks to prepare for trial. As noted above, Mr. Kvashuk may review electronic discovery with his counsel during legal visitation hours, and there are more than 72 legal visiting hours per week at the Federal Detention Center where Mr. Kvashuk is detained. *See Visiting Regulations* at 4.F.1, 3. That means that Mr. Kvashuk has more than 144 legal visitation hours to review discovery.[5] That provides Mr. Kvashuk with more than enough time to review the discovery produced by the Government prior to trial.

For these reasons, the court concludes that Mr. Kvashuk will not suffer prejudice if the court denies his third motion for a continuance.

**E.      Balance of the Factors**

In sum, three of the four *Flynt* factors weigh in favor of denying Mr. Kvashuk's motion for continuance. Moreover, although the court concludes that the second factor weighs in Mr. Kvashuk's favor because granting his motion for a continuance would serve the useful purpose of ensuring that Mr. Kvashuk is able to review the discovery at issue in this case, *see supra* § III.B, the court also concludes that a continuance is

---

[5] If the court's understanding of FBOP's policy proves to be incorrect and Mr. Kvashuk and his counsel are unable to review the relevant discovery, the court invites Mr. Kvashuk to seek an order from the court directing FBOP to provide Mr. Kvashuk with the access he needs to complete his review.

unnecessary to accomplish this goal in light of the time remaining before Mr. Kvashuk's trial date, *see supra* § III.D. Thus, the one factor that favors Mr. Kvashuk is not entitled to significant weight in the context of this case. *See Kloehn*, 620 F.3d at 1127 (noting that "the weight given to any one [of the *Flynt* factors] may vary from case to case"). Accordingly, the court concludes that the balance of the factors weighs heavily in favor of denying a third continuance and DENIES Mr. Kvashuk's motion.

## IV. CONCLUSION

For the reasons set forth above, Mr. Kvashuk's motion for a third continuance (Dkt. # 78) is DENIED. Trial will continue as scheduled on February 18, 2020.

Dated this 5th day of February, 2020.

JAMES L. ROBART
United States District Judge