Honorable James L. Robart

# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF WASHINGTON
# AT SEATTLE

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>VOLODYMYR KVASHUK,<br><br>Defendant. | 2:19-CR-00143-JLR-1<br><br>**SENTENCING MEMORANDUM** |

Mr. VOLODYMYR KVASHUK, pursuant to W.D. Wash. L. Cr. R. 32(i)(1)(D), respectfully submits this memorandum in support of his sentencing position.

## I.     Sentencing Guidelines

### a.     Government's Objections

The Government objects to the probation officer's not having applied a two-level upward adjustment to Count Group 1 based on Mr. Kvashuk's purported use of a special skill to commit those offenses, pursuant to U.S.S.G. § 3B1.3. P.S.R., add. 1.

U.S.S.G. § 3B1.3 recommends a two-level upward adjustment if the defendant "used a special skill[] in a manner that *significantly facilitated the commission or concealment of the offense*[,]" *Id.* (emphasis added).  However, in *United States v. Petersen*, 98 F.3d 502 (9th Cir. 1996), the United States Court of Appeals for the Ninth

Sentencing Memorandum

*United States v. Kvashuk*
2:19-CR-00143-JLR-1

Lowther | Walker LLC
101 Marietta St., NW, Ste. 3325
Atlanta, GA 30303
404.496.4052

1

1  Circuit cautioned that this adjustment should not be applied routinely based on a
2  defendant's computer skills:

> We do not intend to suggest that the ability to use or access computers would support a "special skill" adjustment under all circumstances.  Computer skills cover a wide spectrum of ability.  Only where a defendant's computer skills are particularly sophisticated do they correspond to the Sentencing Commission's examples of "special skills"—lawyer, doctor, pilot, etc. *Courts should be particularly cautious in imposing special skills adjustments where substantial education, training, or licensing is not involved.*

*Id.* at 507 n.5 (emphasis added).  The Ninth Circuit clarified, in *United States v. Lee*, 296 F.3d 792 (9th Cir. 2002), that although it upheld the adjustment for the defendant's use of a special skill in *Petersen*, the defendant in that case was an

> expert hacker[] . . . [who] hacked into a national credit reporting agency's computer system and stole personal information that he used to order fraudulent credit cards.  Then he hacked into a telephone company's computers, seized control of the telephone lines to a radio station, and arranged for himself and his confederates to be the callers who "won" two Porsches, $40,000, and two trips to Hawaii in a radio call-in contest.  Then he hacked into a national commercial lender's computer and got it to wire $150,000 to him through two other banks.  This goes *far beyond the computer skills of . . . many people who earn their livings as computer technicians and software engineers.*

*Lee*, 296 F.3d at 796 (emphasis added).

      Mr. Kvashuk's education is not in the field of engineering—computer or otherwise—but rather in the fields of psychology, economics, and cybernetics; furthermore, he has no substantial education or training, and no licensing, as a software engineer. P.S.R. ¶ 77.  Moreover, no evidence suggests that Mr. Kvashuk is an "expert hacker," as the Ninth Circuit referenced that term in *Petersen*, or, simply, that he used any special skill in the commission of the Count Group 1 offenses.  Therefore, Mr. Kvashuk concurs with the probation officer that the adjustment for use of a special skill is inapplicable to this case.

\\
\\

Sentencing Memorandum

*United States v. Kvashuk*
2:19-CR-00143-JLR-1

Lowther | Walker LLC
101 Marietta St., NW, Ste. 3325
Atlanta, GA 30303
404.496.4052

2

  b.  Mr. Kvashuk's Objections

    1.  Loss

Mr. Kvashuk objects to the probation officer's assessment of the amount of loss in this case at more than $9.5 million, but not more than $25 million, approximating that loss at $10.1 million. P.S.R. ¶ 30. Although the probation officer agrees that the actual amount of loss is significantly lower than $10.1 million, the probation officer bases the assessment on an intended loss theory. P.S.R., add. 1. Mr. Kvashuk submits that this assessment of loss is not supported pursuant to an actual or intended loss theory.

The measure of loss for sentencing guidelines purposes is the greater of actual or intended loss. U.S.S.G. § 2B1.1, comment. (n.3(A)). Actual loss is "the reasonably foreseeable pecuniary harm that resulted from the offense" (*id.* at n.3(A)(i)), and intended loss is "the pecuniary harm that the defendant purposefully sought to inflict" (*id.* at n.3(A)(ii)(I)), including that which "would have been impossible or unlikely to occur" (*id.* at n.3(A)(ii)(II)). "'Pecuniary harm' means harm that is monetary or that otherwise is readily measurable in money . . . ." *Id.* at n.3(A)(iii).

This case is unique concerning the calculation of of loss to the victim. It is neither analogous to a case in which a defendant steals the full amount of a bank account in the amount of $1 million—both the actual and intended loss in that scenario would be $1 million, nor is it analogous to a case in which a defendant fraudulently requests a $1 million tax refund and receives only $500,000.00—the actual loss in the scenario would be $500,000.00 and the intended loss would be $1 million. The pecuniary harm in those scenarios is readily measurable. Rather, Mr. Kvashuk created limited-access gaming subscriptions (colloquially referenced as "5 x 5 codes") that did not exist already in Microsoft's inventory, and sold them on third-party websites at a substantially discounted price to purchasers who could use those gaming subscriptions for a limited duration, continuing to access Microsoft's gaming services beyond that limited duration only by subsequently subscribing to that

Sentencing Memorandum

*United States v. Kvashuk*
2:19-CR-00143-JLR-1

Lowther | Walker LLC
101 Marietta St., NW, Ste. 3325
Atlanta, GA 30303
404.496.4052

3

service as a *bona fide* customer.

Although the aggregate price of the 5 x 5 codes that Mr. Kvashuk generated in this case would have been approximately $10.1 million if the end-users had purchased them directly from Microsoft, there is no evidence or indication that those users would have purchased Microsoft's or any other company's limited gaming subscriptions at their market prices—all of the purchasers were shopping for those items on third-party, discount websites—or, assuming *arguendo* that those purchasers were willing to pay market prices, that they would have purchased them from Microsoft.  Therefore, the measure of pecuniary harm to Microsoft in this case, for sentencing guidelines purposes, cannot be the 5 x 5 codes' aggregate market price of $10.1 million: there is no evidence to support that amount of actual pecuniary harm without evidence that the purchasers of the 5 x 5 codes that Mr. Kvashuk generated otherwise would have purchased limited subscriptions from Microsoft, and there is no evidence to support that amount of intended pecuniary harm without evidence that Mr. Kvashuk intended to divert customers who were willing to purchase the 5 x 5 codes at their full market prices from Microsoft to his own.  Mr. Kvashuk, based on the foregoing assertions, submits that amount of actual and intended loss, and restitution, should be the cost to Microsoft for its maintaining the infrastructure that allowed the purchasers of the limited subscriptions to access Microsoft's gaming platform during the limited duration of those subscriptions.

### 2. Sophisticated Means

The Government objected to the probation officer's not having applied a two-level enhancement to Count Group 1 based on Mr. Kvashuk's purported use of sophisticated means to commit those offenses, pursuant to U.S.S.G. § 2B1.1(b)(10)(C). P.S.R. ¶ add. 1.  The probation officer then applied that enhancement to the sentencing guidelines calculation for Count Group 1, asserting that "Mr. Kvashuk's scheme was complex." P.S.R. ¶ 32.  Mr. Kvashuk objects to this enhancement.

U.S.S.G. § 2B1.1, comment. (n.9(B)) states that

Sentencing Memorandum

*United States v. Kvashuk*
2:19-CR-00143-JLR-1

Lowther | Walker LLC
101 Marietta St., NW, Ste. 3325
Atlanta, GA 30303
404.496.4052

4

> [f]or purposes of [U.S.S.G. § 2B1.1](b)(10)(C), "sophisticated means" means especially complex of especially intricate offense conduct pertaining to the execution or concealment of an offense. For example, in a telemarketing scheme, locating the main office of the scheme in one jurisdiction but locating soliciting operations in another jurisdiction ordinarily indicates sophisticated means. Conduct such as hiding assets or transactions, or both, through the use of fictitious entities, corporate shells, or offshore financial accounts also ordinarily indicates sophisticated means.

*Id.*

Although the evidence in this case suggests that the conduct concerning to the Count Group 1 offenses was not rudimentary, that conduct did not rise to the degree of sophistication that the Sentencing Commission contemplated in this specific offense characteristic. Mr. Kvashuk did not create fictitious or shell entities; he did not open or utilize foreign financial accounts; and although he verbally denied the conduct when Microsoft investigators confronted him about it, the evidence does not suggest that he executed or concealed that conduct in any "especially complex" or "especially intricate" way. Therefore, Mr. Kvashuk submits that the specific offense characteristic for sophisticated means in inapplicable to this case.

### 3. Authentication Feature

Mr. Kvashuk objected to the probation officer's application of a two-level enhancement, pursuant to U.S.S.G. § 2B1.1(b)(11)(A)(ii), based on the specific offense characteristic of the computer and fraud offenses' purportedly involving an authentication feature. P.S.R. ¶ 31; add. 2. The probation officer, in response to that objection, amended ¶ 31 by replacing "authentication feature" with "unauthorized access device" (*see* U.S.S.G. § 2B1.1(b)(11)(B)(1)), and therefore, Mr. Kvashuk withdraws his objection to ¶ 31.

## II.   18 U.S.C. § 3553(a)

Mr. Kvashuk will present his argument in mitigation of the sentence based on the factors in 18 U.S.C. § 3553(a) orally at sentencing.

\\

Sentencing Memorandum

*United States v. Kvashuk*
2:19-CR-00143-JLR-1

Lowther | Walker LLC
101 Marietta St., NW, Ste. 3325
Atlanta, GA 30303
404.496.4052

5

### III. Support Letters

Eleven letters in support of Mr. Kvashuk for the Court's consideration are attached to the memorandum; those letters are from the following persons:

(1) Ivan Diachuk;

(2) Yevgeniy Klymchuk;

(3) Oleksandr Kvashuk;

(4) Alla Lynn;

(5) Steven Lynn;

(6) Volodymyr Mullar;

(7) Oleksandr Novoseletskyy;

(8) Alina Prokopenko;

(9) Oksana Romaniuk;

(10) Luliia Shustak; and

(11) Anna Zabelina.

### IV. Evidentiary Hearing

Mr. Kvashuk, pursuant to W.D. Wash. L. Cr. R. 32(i)(1)(D), does not request an evidentiary hearing; he submits that he can address all sentencing issues sufficiently by argument of counsel.

\\
\\
\\
\\
\\
\\
\\
\\
\\
\\

Sentencing Memorandum

*United States v. Kvashuk*
2:19-CR-00143-JLR-1

Lowther | Walker LLC
101 Marietta St., NW, Ste. 3325
Atlanta, GA 30303
404.496.4052

6

Date: November 2, 2020

Respectfully submitted,

**_s/ Joshua Sabert Lowther, Esq._**
Joshua Sabert Lowther, Esq.
Ga. Bar # 460398
Lowther | Walker LLC
101 Marietta St., NW, Ste. 3325
Atlanta, GA 30303
O 404.496.4052 | M 912.596.2935
jlowther@lowtherwalker.com
http://www.lowtherwalker.com

**_s/ Jeffrey David Cohen, Esq._**
Jeffrey David Cohen, Esq.
Wash. Bar # 11685
Law Offices of Jeffrey D. Cohen
316 Occidental Ave. S, Ste. 500
Seattle, WA 98104
jdc@jdcohenlaw.com
http://www.jdcohenlaw.com

Attorneys for Volodymyr Kvashuk

## CERTIFICATE OF SERVICE

I certify that on November 2, 2020, I electronically filed the foregoing MOTION FOR NEW TRIAL with the Clerk of the United States District Court for the Western District of Washington by way of the CM/ECF system, which automatically will serve this document on the attorneys of record for the parties in this case by electronic mail.

**_s/ Joshua Sabert Lowther, Esq._**
Joshua Sabert Lowther, Esq.
Ga. Bar # 460398
Lowther | Walker LLC
101 Marietta St., NW, Ste. 3325
Atlanta, GA 30303
O 404.496.4052 | M 912.596.2935
jlowther@lowtherwalker.com
http://www.lowtherwalker.com

Sentencing Memorandum

*United States v. Kvashuk*
2:19-CR-00143-JLR-1

7

Lowther | Walker LLC
101 Marietta St., NW, Ste. 3325
Atlanta, GA 30303
404.496.4052