Hon. James L. Robart

UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>VOLODYMYR KVASHUK,<br><br>Defendant. | NO. CR19-143JLR<br><br>GOVERNMENT'S SUPPLEMENTAL SENTENCING MEMORANDUM REGARDING LOSS AMOUNT |

The United States of America, by and through Brian T. Moran, United States Attorney for the Western District of Washington, and Michael Dion and Siddharth Velamoor, Assistant United States Attorneys, files this supplemental sentencing memorandum regarding the loss calculation in this case.

Section 2B1.1(b)(1) of the Sentencing Guidelines states that loss includes "intended loss." Application note 3(A)(i). The evidence at trial proved that Kvashuk intended to, and did in fact, obtain CSV worth over $10.1 million from Microsoft. Nevertheless, in his sentencing memorandum, Kvashuk urges the Court to disregard the market price of the stolen CSV. Docket no. 172, Defendant's Sentencing Memorandum, at p. 3. Kvashuk bases this argument on his claim that the people who purchased stolen

KVASHUK/SENTENCING MEMORANDUM - 1
CR19-143JLR

UNITED STATES ATTORNEY
700 STEWART STREET, SUITE 5220
SEATTLE, WASHINGTON 98101
(206) 553-7970

CSV from Kvashuk at a discount would not have been willing to pay full retail price to Microsoft for the CSV. *Id.* Accordingly, Kvashuk urges the Court to limit the loss calculation to "the cost to Microsoft for maintaining the infrastructure" that allowed purchasers of the CSV to use Microsoft's gaming platform. *Id.*

Kvashuk cites no legal authority for this calculation, and it is contrary to the Guidelines and caselaw. Application Note 3(C) to Section 2B1.1(b)(1) directs the Court to make a "reasonable estimate" of loss "based on available information." The Note sets out six factors for the Court to consider. Five of them are inapplicable because they involve issues not presented by this case, such as "proprietary information," "repairs to damaged property," average loss to multiple victims, reduction in value of corporate "securities" or assets, and "revenue generated by similar operations." Application Note 3(C)(ii-vi).

The only remaining enumerated factor is the "fair market value" of the stolen property. Application Note 3(C)(i). This is not a case where the fair market value is hard to determine. Where a product has a set retail price, and is intended for retail, courts routinely calculate loss based on the retail price: "The general test for determining the market value of stolen property is the price a willing buyer would pay a willing seller at the time and place the property was stolen." *United States v. Williams,* 50 F.3d 863, 864 (10th Cir. 1995); *United States v. Lopez,* 64 F.3d 1425, 1426 (9th Cir. 1995) (upholding district court's use of retail price to calculate loss from stolen cigarettes); *United States v. Natour,* 700 F.3d 962 (7th Cir. 2012) (upholding use of retail value to calculate loss from scheme involving stolen cell phones); *United States v. Lige,* 635 F.3d 668 (5th Cir. 2011) (holding, in case involving stolen cell phones, "that the fair market value of stolen goods should reflect the market in which the victim merchant would have sold them.").

In this case, the retail value of the stolen CSV was $10.1 million, and the loss should be based on that figure. Kvashuk urges the Court to reject this clear figure, claiming that the record does not establish that the people he sold CSV to at a discount

KVASHUK/SENTENCING MEMORANDUM - 2
CR19-143JLR

UNITED STATES ATTORNEY
700 STEWART STREET, SUITE 5220
SEATTLE, WASHINGTON 98101
(206) 553-7970

would have otherwise paid full retail price.  This argument is factually speculative and legally baseless.

Stolen property is commonly resold at below-market prices.  It would be hard, if not impossible, to ever prove that the purchasers would have bought the same items at retail price.  The Guidelines, however, do not require absolute certainty or precision.  Rather, the Court is only required to make a "reasonable estimate" of loss "based on available information."  Section 2B1.1(b)(1), Application Note 3(C).  In this case, the "available information" is that Kvashuk stole CSV with a retail value of $10.1 million.  The fact that Kvashuk chose to sell the stolen property at a steep discount should not be used to artificially deflate his sentencing range.  *See United States v. Wasz*, 450 F.3d 720, 727-28 (7th Cir. 2006) (upholding use of retail price even though stolen products were sold at 62% of retail price).  Accordingly, the Court should find that the loss amount is $10.1 million.[1]

DATED this 5th day of November, 2020.

Respectfully submitted,

BRIAN T. MORAN
United States Attorney

*/s/ Michael Dion*
MICHAEL DION
Assistant United States Attorney
700 Stewart Street, Suite 5220
Seattle, WA 98101-1271
Telephone: (206) 553-7729
E-mail: Michael.Dion@usdoj.gov

---

[1] The restitution amount is smaller because Microsoft managed to block the redemption of $1.8 million in CSV. Restitution, unlike loss, does not take intended harm into account.

KVASHUK/SENTENCING MEMORANDUM - 3
CR19-143JLR

UNITED STATES ATTORNEY
700 STEWART STREET, SUITE 5220
SEATTLE, WASHINGTON 98101
(206) 553-7970

CERTIFICATE OF SERVICE

I hereby certify that on November 5, 2020, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the attorney(s) of record for the defendant.

*/s/ Elizabeth Gan*
ELIZABETH GAN
Legal Assistant
United States Attorney's Office
700 Stewart Street, Suite 5220
Seattle, Washington 98101-1271
Phone: (206) 553-4370
FAX:   (206) 553-0882
E-mail: Elizabeth.Gan@usdoj.gov

KVASHUK/SENTENCING MEMORANDUM - 4
CR19-143JLR

UNITED STATES ATTORNEY
700 STEWART STREET, SUITE 5220
SEATTLE, WASHINGTON 98101
(206) 553-7970