UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>                Plaintiff,<br><br>     v.<br><br>VOLODYMYR KVASHUK,<br><br>                Defendant. | CASE NO. CR19-0143JLR<br><br>ORDER |

Before the court is *pro se* Defendant Volodymyr Kvashuk's motion for the return of seized property. (Mot. (Dkt. # 232).) He asks the court to order Plaintiff the United States of America (the "Government") to return of the following property: an Apple iPhone, a Galaxy S8 phone, an HP laptop, a gaming console, multiple documents and notebooks, and cash. (*Id.* at 1.) The Government asks the court to deny the motion as moot because (1) the "seized cash was turned over to the Clerk of the Court in 2021, pursuant to the Court's order, to satisfy [Mr.] Kvashuk's judgment debt" and (2) the Government "will turn over the other property to any person that [Mr.] Kvashuk

ORDER - 1

1 designates." (Resp. (Dkt. # 233).)  The court has reviewed the parties' submissions, the
2 remainder of the record, and the applicable law.  Being fully advised, the court DENIES
3 Mr. Kvashuk's motion without prejudice.

4      First, Mr. Kvashuk is not entitled to have the seized cash returned to him because,
5 as the Government notes, the court ordered the Internal Revenue Service to turn over the
6 seized cash to the Clerk of Court to satisfy a portion of Mr. Kvashuk's restitution
7 obligation in 2021.  (*See* 6/14/21 Order (Dkt. # 195).)  Second, Mr. Kvashuk is entitled to
8 have the other seized property returned.  *See, e.g.*, Fed. R. Crim. P. 41(g).  However,
9 because Mr. Kvashuk is currently incarcerated, the seized property cannot be returned
10 directly to him and must instead be returned to a person whom Mr. Kvashuk designates.
11 Although Mr. Kvashuk has not designated a person to receive that property, the
12 Government states that it will return that property to whomever Mr. Kvashuk designates
13 without a court order.  (*See* Resp. at 1.)  The Government's statement, however, does not
14 render Mr. Kvashuk's motion moot with respect to such property because Mr. Kvashuk
15 has not yet obtained the relief he requests.  *See, e.g.*, *Powell v. McCormack*, 395 U.S.
16 486, 496 (1969) ("[A] case is moot when the issues presented are no longer 'live' or the
17 parties lack a legally cognizable interest in the outcome.").

18      Accordingly, the court DENIES Mr. Kvashuk's motion for the return of seized
19 property (Dkt. # 232) without prejudice.  If Mr. Kvashuk wants the Government to return
20 the seized Apple iPhone, Galaxy S8 phone, HP laptop, gaming console, and multiple
21 documents and notebooks identified in the instant motion, he must provide the
22 Government with the name and contact information of the person whom he designates to

accept the property. If the Government does not turn over said property to the person Mr. Kvashuk designates, Mr. Kvashuk may refile a motion for the return of seized property.

Dated this 14th day of August, 2023.

                                          JAMES L. ROBART
                                          United States District Judge